[Cite as *State ex rel. Person v. McCarty*, 2020-Ohio-471.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE EX REL. MICHAEL PERSON

    Relator

    v.

HONORABLE JUDGE ALISON
MCCARTY

    Relator

C.A. No.    29662

ORIGINAL ACTION IN
MANDAMUS

Dated: February 12, 2020

PER CURIAM.

{¶1} Michael Person has filed a complaint asking this Court for a writ of mandamus directed to Judge Alison McCarty, who presided over his criminal case, seeking an order to vacate his sentence and hold a new sentencing hearing. Because Mr. Person has not complied with the mandatory filing requirements of R.C. 2969.25, this Court must dismiss this case.

{¶2} R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government employee or entity. The judge who is presiding over Mr. Person's case is a government employee; Mr. Person, incarcerated in the Northeast Ohio Correctional Center, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106

Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶3}   Mr. Person did not pay the cost deposit required by this Court's Local Rules.   He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit.   Mr. Person filed a combined statement of his inmate account and affidavit of indigency.   The affidavit stated that Mr. Person did not have sufficient funds to pay the filing fee and other costs of this action "in the Court of Claims of Ohio."

{¶4}   Mr. Person did not file a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier" with his complaint.   R.C. 2969.25(C)(1).   Instead, he filed a statement that reported totals for the prior six months.   He also did not file a "statement that sets forth all other cash and things of value owned by the inmate at that time."   R.C. 2969.25(C)(2). Mr. Person's affidavit of indigency merely stated he did not have sufficient funds to pay the filing fee and costs for an action in the Court of Claims, but it did not set forth all other cash and things of value he owned.   *Id.*

{¶5}   Because Mr. Person did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed.   Costs taxed to Mr. Person.

**{¶6}** The clerk of courts is hereby directed to serve upon all parties not in default

notice of this judgment and its date of entry upon the journal. Civ.R. 58.

_____
LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL PERSON, Pro se, Petitioner.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant
Prosecuting Attorney, for Respondent.